IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DEBRA D. CURRY,** *POA and* *as executor of the estate of* **Laketia Curry-Williams,** | : : : : | |
| Plaintiff, | : : | CIVIL ACTION FILE NO. 1:17-cv-04450-WSD-AJB |
| v. | : : | |
| **OCWEN LOAN SERVICING, LLC; BANK OF AMERICA, N.A.; SHELLPOINT MTG, LLC; ALMA RAYES; and RUBLIN LUVLIN, LLC,** | : : : : : | |
| Defendants. | : | |

# O R D E R

Plaintiff Debra D. Curry seeks to bring this case as the executor of the Estate of Laketia Curry-Williams, (hereinafter "the Estate"). [Doc. 6]. As an artificial entity, the Estate may not appear in this action pro se, that is, without a lawyer. Title 28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." This code section has been interpreted to mean that, although individuals who are parties to an action may appear *in propria persona*, this exception applies only to individuals who

are asserting their own personal rights or interests. *Alpha Land Co. v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). Thus, nonlawyers such as Ms. Curry may not represent another individual or entity in this action. *Michel v. United States*, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null.") (citing *Gonzalez v. Wyatt*, 157 F.3d 1016 (5th Cir. 1977)); *Jacox v. Dep't of Defense*, Civ. Action No. 5:06-cv-182 (HL), 2007 WL 118102, at *1 (M.D. Ga. Jan. 10, 2007) ("28 U.S.C. § 1654 requires *pro se* litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals."); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that "an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries and creditors other than the litigant"); *C.E. Pope Equity Tr.*, 818 F.2d at 697 (holding that a nonlawyer could not appear pro se on behalf of trust); *In re Hamblen*, Bankr. Nos. 05-95215-JB, 05-95216-JB, 05-95217-JB, Adversary No. 06-6394, 2006 WL 6589435, at *6 (Bkrtcy. N.D. Ga. Dec. 20, 2006) (Bihary, B.J.) (discussing trust created pursuant to Georgia law, and concluding that the trustee "may appear on his own behalf, but he has no authority to appear as an attorney for anyone other than himself. His status as a

trustee is necessarily a fiduciary status, and the defendant trusts can only appear in court through a licensed attorney admitted to practice law in this Court.").

Accordingly, the Estate is **ORDERED** to appear by counsel within **twenty-one (21) days** of the date of this Order or the Court will recommend to the District Judge that the case be dismissed.

The Clerk is **DIRECTED** to resubmit this matter to the undersigned in twenty-four (24) days.

**IT IS SO ORDERED and DIRECTED**, this the 18th day of May, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)