# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEBRA D. CURRY "EXECUTOR" and POA LAKETIA CURRY-WILLIAMS,<br><br>  Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., OCWEN LOAN SERVICING, LLC.SHELLPOINT MTG, LLC. ALMA RAYES, RUBLIN LUVLIN, LLC.,<br><br>  Defendants. | CASE NO. 1:17-CV-04450-CAP |

## DEFENDANTS BANK OF AMERICA, N.A., SHELLPOINT MORTGAGE SERVICING AND RUBIN LUBLIN, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW, Bank of America, N.A., Shellpoint Mortgage Servicing, and Rubin Lublin, LLC, Defendants in the above styled action ("Defendants"), and file this Brief in Support of their Motion to Dismiss Plaintiffs' Amended Complaint with Corrected Defendant's *[sic]* and Request for Injunction to Stay all Actions of Foreclosure and Evictions (the "Amended Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendants

1

respectfully submit that Plaintiffs' have failed to state a claim upon which relief may be granted.

## INTRODUCTION

Prior to the recitation of the facts of this case, Defendants will address several discrepancies in the case style and direct the Court's attention to the confusion surrounding the status of Plaintiff's, Debra D. Curry ("Ms. Curry"), representation by counsel. As an initial matter, the punctuation of the case style fails to identify three of the named Defendants to this action as independent entities. "Ocwen Loan Servicing, LLC.Shellpoint MTG, LLC.Alma Rayes" are all listed as a single Defendant. It is Defendants' good faith belief that Ocwen Loan Servicing, LLC, Shellpoint Mtg. LLC, and Alma Rayes were intended to be separate parties to the action. Moreover, neither Shellpoint MTG, LLC nor Rubin Luvlin, LLC are proper parties in this action because neither of these are registered entities that exist with the Georgia Secretary of State. The correct entities are Shellpoint Mortgage Servicing ("Shellpoint") and Rubin Lublin, LLC ("Rubin Lublin").

Next, while Ms. Curry has included Ms. Laketia Curry-Williams ("Ms. Williams") as a Plaintiff in this action, Ms. Curry states in Paragraph 3 of the Amended Complaint that Ms. Williams died in 2016. [Doc. 6]. Consequently,

while there are two signatures on Ms. Curry's pleading, the timing of Ms. Williams' death precludes the possibility that she actually executed the Amended Complaint in connection with the present action. This unauthorized attestation is by itself discomfiting, but the forgery is compounded by a lack of signature by either an attorney of record or personally by the Party claiming relief. Without signature, a pleading is sanctionable under the Federal Rules of Civil Procedure. Fed. R. Civ. P. Rule 11(a). More to the point, this Court has previously addressed this issue in its footnote in its Order on one of Plaintiffs' prior actions[1]:

> "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The plain language of § 1654 requires those persons who seek to represent themselves in federal courts to do so "personally." Nonlawyers, such as Plaintiffs, therefore, may not represent each other in this action. See Jacox v. Dep't of Defense, Civ. Action No. 5:06-cv-182 (HL), 2007 WL 118102, at *1 (M.D. Ga. Jan. 10, 2007) ("28 U.S.C. § 1654 requires pro se litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals."); see also Michel v. United States, 519 F.3d 1267, 1271 (11th Cir. 2008) ("A party cannot be represented by a nonlawyer, so a pleading signed by a nonlawyer on behalf of another is null.") (citing Gonzalez v. Wyatt, 157 F.3d 1016 (5th Cir. 1977)). Moreover, "[t]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney." Jacox, 2007 WL 118102, at *1;

---

[1] A Court may take judicial notice of its own records or of those of inferior courts. *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir. 1981); *United States v. Rey*, 811 F.2d 1453, 1457 (11th Cir. 1987).

> O.C.G.A. § 15-19-51(a). This rule applies regardless of whether the non-lawyer representative possessing the power of attorney is a family member of the pro se party. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)."

*See Laketia Curry v. Denise Curry POA v. Ocwen Loan Servicing, LLC and Bank of America, N.A.,* Civil Action File Number 1:17-cv-00810-WSD [Doc. 2 at FN 3] ("*Curry II*").

It should be noted that in *Curry II*, this Court regarded Denise Curry as an individual separate and independent of Ms. Curry. However, Ms. Curry appears to use the names Debra and Denise interchangeably in both court filings and her correspondence.

Not only is it unclear who the parties to this action are, and whether they are living or deceased, it is equally unclear whether or not Plaintiffs are represented by counsel or are proceeding *pro se.* Plaintiffs have listed attorney Lisa Lenn's name and Georgia Bar number as part of the signature block in both her Complaint [Doc.5] and her Amended Complaint [Doc. 6]. However, Ms. Lenn does not represent either Debra Curry or Laketia Curry-Williams. *See* Defendants' Correspondence with Ms. Lenn, attached as **Exhibit "A."** Apropos to this fact, Ms. Curry has provided four different attorneys' names as counsel of record in this action without a signature from any single attorney, creating further confusion as to the nature and existence of her representation. [Doc. 5, 5-1, 6, and 7].

For example, Doc. 9 filed June 8, 2018, states in title and substance that Joseph Turner is counsel for the estate and was filed as a Notice of Appearance on behalf of Debra D. Curry. [Doc. 9]. Counsel can only assume that this filing is in response to this Court's Order to obtain counsel on behalf of the Estate of Laketia Curry. [Doc. 8]. However, the Notice of Appearance, as stated above, is for Debra D. Curry rather than the Estate of Laketia Curry as ordered. Additionally, Doc. 9 complies with neither the Federal Rules of Civil Procedure nor with the local rules of this court. Counsel for Defendants submits that skepticism as to its veracity is warranted. Given Ms. Curry's history of signing attorneys' names and using their bar numbers, Counsel for Defendants will continue to proceed as though Plaintiffs are *pro se* until another determination has been made by this Court.

It is also important to note that Ms. Curry seems to have also taken up the habit of signing on behalf of Defendants and *their* counsel as well as for Ms. Williams and the various attorneys she's identified as her own counsel. On July 23, 2018, Ms. Curry filed a Proof of Service for Defendant Rubin Lublin. [Doc. 13]. Proofs of Service were also filed on the same day for Defendants Ocwen, Shellpoint, Alma Rayes, and Bank of America. [Docs. 11-15]. On their face, these documents put all Defendants in default. However, these filings are suspect in many of the ways enumerated above. According to the filed document for Rubin

Lublin, the summons was addressed to "attorney Rothchilds" and was served on May 7, 2018. [Doc. 13]. However, it's not dated until almost a month later and the supposed process sever is "attorney Rothchilds" who apparently now signs her name "Certified Mail." Beyond the fact that the attorney Rothchilds is not a person who may accept service on behalf of Rubin Lublin and ignoring that under the rules a party may not effect service even upon themselves, Defendants are collectively concerned with the apparent attempt to place them all in a fictitious state of default. The undersigned[2] also takes exception to the apparent use of her signature without express permission.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This case is the most recent attempt by this *pro se* Plaintiff to contest the foreclosure of a Property to which she has no cognizable claim. The Property at issue is located at 7039 Chimney Ridge Drive, Riverdale, Georgia 30296 (the "Property"). [Doc. 6]. On November 28, 2006, Ms. Williams gained title to the Property through a Warranty Deed recorded at Deed Book 8908, Page 153, Clayton County, Georgia records.[3] In conjunction with her purchase, she took out a

---

[2] Undersigned attorney Corey Rothschild is assumedly the attorney Ms. Curry is attempting to reference in her filed Proof of Service.

[3] The Court can take judicial notice of public records without converting this motion to one for summary judgment. *Bryant v. Avado Brands, Inc*. 187 F.3d 1271, 1278 (11th Cir. 1999).

loan in the amount of $174,000.00, and as evidence thereof, executed a Security Deed into Bank of America, N.A., recorded at Deed Book 8908, Page 154, Clayton County, Georgia records (the "Security Deed"). A copy of the Security Deed is attached hereto as **Exhibit "B."** The Security Deed includes a provision stating that "[b]orrower shall not be released from [b]orrower's obligations and liability under this Security Instrument unless [l]ender agrees to such release in writing. The covenants and agreement of this Security Instrument shall bind … and benefit the successors and assigns of the [l]ender." *See* Security Deed at ¶ 13. Shellpoint is the present servicer of the Loan for Bank of America, N.A. ("Bank of America").

On March 24, 2011, Laketia Curry executed a Quitclaim Deed for the Property into Debra Curry that was recorded on April 4, 2016, at Deed Book 10868, Page 191, Clayton County, Georgia records (the "Quitclaim Deed"). A copy of the Quitclaim Deed is attached hereto as **Exhibit "C."**[4] On October 30, 2015, Ms. Curry attempted to file this lawsuit for the first time. [*Laketia Curry and Denise Curry, POA v. Ocwen Loan Servicing, LLC and Bank of America, N.A.*, 1:15-CV-03810-WSD, Doc. 1] (*"Curry I")*. In spite of a Court Order advising Ms. Curry to pay the Court's filing fee or face dismissal, Ms. Curry proceeded to file an

---

[4] The validity of the Quitclaim Deed questionable. The Quitclaim Deed is dated on March 24, 2011, executed on March 15, 2011, and signed by a notary on March 11, 2011 without a notary stamp or seal.

7

Amended Complaint on December 14, 2015, not as a matter of course, without leave from the Court, and without paying the filing fee. [*Curry I,* Doc. 3]. Having failed to comply with the Court's order, this Court dismissed *Curry* I on April 14, 2016. [*Curry I*, Doc. 4].

On March 6, 2017, Ms. Curry attempted to file a second identical action. *See* [*Curry II,* Doc. 1]. The case was dismissed on October 12, 2017 for failure to Prosecute under United States District Court for the Northern District of Georgia Local Rule 41.3(A)(3), NDGa and pursuant to Fed. R. Civ. P. Rule 41. [*Curry II,* Doc. 3]. Not to be deterred, Ms. Curry filed the present action on November 6, 2017, once again using a nearly identical complaint.[5] [Doc. 1].  The following day, November 7, 2017, the Security Deed was foreclosed upon and the Property was sold back to the original lender, Bank of America, as evidenced by the Deed Under Power recorded at Deed Book 11217, Page 00510, Clayton County, Georgia records (the "Deed Under Power"). A copy of the Deed Under Power is Attached hereto as "**Exhibit D**." Despite the Proofs of Service filed in the instant action as Docs. 11-15, Defendants have not been served with a copy of the Complaint and Summons and file their Motion to Dismiss in an abundance of caution.

---

[5] Paragraphs 6 through 51 of *Curry I* are identical to the corresponding Paragraphs in the present Action. *Curry II*, though under seal, is similarly identical, as evidenced by the *Curry II* file stamp still visible on Page 7 of the Amended Complaint in the current case.

## ARGUMENT AND CITATION OF AUTHORITY

### A. STANDARD OF REVIEW

United States District Courts are courts of limited jurisdiction. A district court may adjudicate on the basis of original jurisdiction only those civil actions "arising under the Constitution, laws, or treaties of the United States," or in the alternative where the matter in controversy exceeds the sum of $75,000.00, **and** the parties are citizens of different states. 28 U.S.C. §§ 1331-1332. A Motion to Dismiss under Rule 12(b)(1) challenges the court's power to hear a case and because jurisdictional challenges can be decided without reference to the merits of the underlying claim, no presumptive truthfulness attaches to Plaintiff's allegations and the existence of dispute material facts do not preclude an evaluation of the merits of the jurisdictional issue. *Morrison v. Amway Corp.*, 323 F.3d 920, 924–25 (11th Cir. 2003); *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990). The Federal Rules of Civil Procedure require the dismissal of a case at any time for a lack of Subject Matter Jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Court may also grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a

plausible claim for relief will... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B. PLAINTIFFS FAIL TO SHOW THAT THIS COURT HAS SUBJECT MATTER JURISDICTION

The only federal claim even mentioned within the Amended Complaint, is an alleged failure to modify the loan under any federal program. The Complaint is devoid of any cause of action that Plaintiffs attempt to bring from this assertion or what federal law they say has been violated. The varied and confused allegations all relate back to the state law claim of Wrongful Foreclosure. A district court may adjudicate on the basis of original jurisdiction only those civil actions "arising under the Constitution, laws, or treaties of the United States," or in the alternative where the matter in controversy exceeds the sum of $75,000.00, **and** the parties are citizens of different states. 28 U.S.C. §§ 1331-1332.

Ms. Curry's inclusion of Rubin Lublin prevents the exercise of diversity jurisdiction and the failure to include any federal causes of action prevents the exercise of original jurisdiction. If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Bochese v. Town of Ponce Inlet*, 405 F. 3d 964, 976 (11th Cir. 2005). Without subject matter jurisdiction, Defendants respectfully submit that this Action must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

### C. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANTS

Before the merits of Plaintiffs' argument, can be discussed, it must be noted that Plaintiffs allege no claims as to the Defendants, Bank of America, Shellpoint Mortgage Servicing, or Rubin Lublin. [Doc. 6]. While Ms. Curry mentions each Defendant several times in her petition, she does not allege any claims against them. She also does not differentiate which of her unsubstantiated accusations apply to which Defendant, and objectively fails to give Defendants notice of the claims against them and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Accordingly, her claims must be dismissed.

Furthermore, Plaintiffs have failed to state any claim that is plausible on its face against any Defendant. Plaintiffs have pled five causes of action. Counts I, II,

and V all relate to supposed issues with assignments of the Security Deed best summed up in the allegation that "Ocwen Loan Servicing did not have a valid assignment or other legal standing to foreclose at the time of their proposed foreclosure." [Doc. 6, ¶ 35]. It is important to note that Ms. Curry is not now and was not then a party to the Security Deed. As a contract, an essential element for any claim brought pursuant to the Security Deed is that it is brought by a party with right to complain. *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 306(2012)(emphasis in original); *Duke Galish, LLC v. Manton,* 308 Ga.App. 316, 320(2) (2011). Therefore, any assertion of standing by Ms. Curry falls flat right out of the gate.

And as stated above, there is little evidence that Ms. Williams' interest is being represented in any appropriate way. However, even ignoring the dubious nature of Ms. Williams' participation in this case, there is still a fundamental lack of standing. Assuming for argument that Ms. Curry properly brought these claims under a cognizable power of attorney changes little about the standing issue; they *still* fail because the allegations challenge the foreclosure at a fundamental level by challenging assignment of the debt. Plaintiffs' allege that there was no legal standing to foreclose because the assignment did not transfer the Security Deed or the Note. [Doc. 6, ¶¶ 30-31].

The Eleventh Circuit has concluded that under Georgia law, "a plaintiff lacks standing to contest the validity of an assignment of a security deed, even if that assignment was somehow flawed, if [plaintiff] was not a party to the assignment.'" *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014); *See Montgomery v. Bank of America*, 321 Ga. App. 343, 346(2) (2013) (plaintiff lacked standing to contest validity of assignment of note and security deed because assignment was a "contract between MERS and [loan servicing company]"); *Breus v. McGriff*, 202 Ga. App. 216(1) (1991) ("Appellants are strangers to the assignment contract between appellee and [the bank] and thus have no standing to challenge its validity.") Therefore setting aside the issues with bringing an action on behalf of a deceased party, Ms. Williams would not have had standing to bring these claims herself. Therefore, Count I for Wrongful Foreclosure, Count II for Ineffective and Improper Assignments, and Count V for Improper Foreclosure Notice should be dismissed under Rule 12(b)(6) because they are predicated on a challenge to an assignment neither Plaintiff has standing to contest.

Counts III and IV appear to be Breach of Contract claims for a supposed failure to modify the agreement. Ms. Curry repeatedly references failures to modify the loan and challenges the various assignments of the Security Deed.

[Doc. 6, ¶¶ 25, 29-31]. "The elements for a breach of contract claim in Georgia are the (1) breach and the (2) *resultant damages* (3) *to the party who has the right to complain* about the contract being broken." *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 306(2012)(emphasis in original); *Duke Galish, LLC v. Manton,* 308 Ga.App. 316, 320(2) (2011). Firstly, Ms. Curry was not a party to the Security Deed and lacks standing to bring suit for any alleged breach, regardless of her interest in the Property. Therefore, the remaining claims should be dismissed under 12(b)(6) as to Ms. Curry as she lacks standing.

Second, there is no cognizable statutory or common law duty to modify a loan or security deed and no private cause of action under HAMP for this supposed failure. *Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 533, 744 S.E.2d 369, 374 (2013); *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012). In fact, this Court has previously found that seeking a loan modification also does not give a Plaintiff a cause of action for wrongful foreclosure. *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1343 (N.D. Ga. 2013); *See, e.g., Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116–17 (11th Cir.2012) (holding that mortgage borrowers who engage in the loan modification process do not have a private cause of action based on refusal to grant a permanent loan modification). Plaintiffs allegations amount to threadbare recitals of the elements of their causes

of action and are supported by conclusory statements. These recitals do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In the only remaining claims, Plaintiffs name drop several federal programs without citation as to how the failure to extend a modification under any of them creates a cognizable claim or how exactly the contract was breached. Where the facts as alleged do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief under Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Defendants respectfully submit that any remaining claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that their Motion to Dismiss be granted.

Respectfully submitted, this 13th day of August 2018.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)
>COREY ROTHSCHILD (GA Bar No. 604149)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>crothschild@rubinlublin.com
>
>*Attorneys for Defendants*

## **FONT CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing was prepared in accordance with LR 7.1(D) using Times New Roman, 14-point font pursuant to LR 5.1(B).

This 13th day of August 2018.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 13th day of August 2018, filed the within and foregoing by CM/ECF. Further true and correct copies of the foregoing have been sent to the following parties via United States mail at the following addresses:

Debra D. Curry
7039 Chimney Ridge Drive
Riverdale, Georgia 30296

Laketia Curry- Williams
7039 Chimney Ridge Drive
Riverdale, Georgia 30296

Joseph H. Turner
580 Cliftwood Court, N.E.
Sandy Springs, Georgia 30328

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)