**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

DEC 1 3 2018

JAMES N. HATTEN, Clerk
By: ~~~~~ Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBRA D. CURRY "EXECUTOR and :
POA of LAKETIA CURRY-WILLIAMS :
:
       Plaintiffs'             : Civil Action File No.
                                             : 1;17-CV-04450-CAP-AJB

v.                                                 :

BANK OF AMERICA, N.A., OCWEN  :
LOAN SERVICING, LLC.               :
SHELLPOINT MTG. LLC, ALMA     :
RAYES, RUBLIN LUVLIN, LLC,      :
                                                :
       Defendants,                   :
----------------------------------------------/

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND OPPOSITION TO DEFENDANTS' "MOTION TO DISMISS".

COMES NOW, the Plaintiffs' hereby submits its answer in opposition to this Motion to Dismiss. And the Plaintiff asks the Court to Quash and deny the Motion to Dismiss, and allow this case to proceed on to Court, whereby with all previous filed motions through exhibits and through subpoena documents will confirm all alleged arguments by the Defendant to be deemed moot.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On November 28, 2006, Laketia Curry the deceased Plaintiff indeed obtain a loan in the principal amount of $174,000.00 from Bank of America, N.A. to secure the loan, Plaintiff executed a security deed for the property located at 7039

Chimney Ridge Drive, Riverdale, Georgia, which was recorded on November 30, 2006, at Deed Book 8908, Page 154 of Clayton County, Georgia records. Sometimes thereafter, Ocwen began servicing the Loan.

On October 30, 2015, the deceased Plaintiff was alive indeed filed a civil action in this Court against the defendants as named in the current lawsuit. No. 1:15-CV-3810-WSD. Plaintiff filed with IFP documents and they were misplaced. Therefore the Plaintiff filed at United States Court of appeals level, and was granted to pay the fees to the Court in which the Plaintiff paid the fees. The Defendants through fraud and deception tried to defraud the Plaintiffs there rights by accepting the request for a loan modification, and the Department of Justice ("DOJ") granted the Plaintiff the rights to a three months trial period, and after completion would reduce the value of the principal to around $39,980.00, and the Defendants reneged on their agreement by notifying the Plaintiff of this agreement instead of thirty (30) days prior to the due payment to three (3) days, and then would not accept the payment. Therefore when the Plaintiff refiled on November 05, 2017, a request to revive all previous alleged lawsuits be re-instated were request in the Motion to Reconsider was filed on January 08, 2018 which was GRANTED.

## ARGUMENT AND CITATION TO AUTHORITIES

1. Plaintiff's claims are not barred by Res Judicata.

Cont.;

Res judicata operates to preclude a party from re-litigating in subsequent proceeding issues that were or could have been raised in all prior action. But it has been revealed that through Court error, it was never raised or dismissed. The United States Appeals granted the Plaintiff permission to reopen the case and be allowed to pay the fees. The Northern District granted the permission to re-open the cases through Motion of Reconsideration and to allow the Plaintiff to pay the fees, therefore granting the Amended Complaint to proceed after all fees were satisfied.

A. The Causes of Action are not the same in both cases.

Rea judicata has not been substantiated in any of the previous cases, and every argument is considered moot, being that the Defendant constituted themselves in fraudulent actions to muddy the waters to afford the facts. The Plaintiff has subpoenaed the documents and witnesses to appear in a deposition to substantiate the facts or to produce pertinent documents of relevance to the Court.

B. The parties are not in Privity.

All arguments are considered as moot being that it has been explained in the above paragraphs.

**C. Final Judgment on the Merits was deemed Moot by the Court of Competent Jurisdiction after the Motion of Reconsider all previous cases were granted.**

The dismissal is considered moot after the United States Appeals granted permission to proceed and pay the court fees.

II. The Amended Complaint is not subject to Dismissal Under Rule 12(b)(6).

A. Legal Standard Applicable to Motion to Dismiss.

Under the argument of this this Rule has been substantiated to be considered to be deemed moot through the answer in the above paragraphs.

B. **Plaintiff did not fail to State a Claim for Wrongful Foreclosure.**

Plaintiff appeared in the assigned within document, to confirm that the defendant did commit fraud through their actions of first denying the Plaintiff her right to accept the loan modification and principal reduction, that would negate all following actions of foreclosure. The documents in argument were requested through a "subpoena duce tecum" mailed to the parties. (**Exhibit A**)

C. **Plaintiff's Claims regarding Improper Assignments doesn't fail.**

Plaintiff's herein submit to the Court a copy of the warranty deed signed over to the second Plaintiff in the event of any fraudulent actions by the

Defendants to negate their obligations, as well as the debt to the Plaintiff. **(Exhibit B)**

### D. Plaintiff's claim Regarding Improper Notice does not fail.

The Plaintiff brings to the attention of the fraudulent actions of the Defendants, by their attempt to constantly pass the baton back and forth through loan servicing hands to try and muddy the water, and cover-up their dirty hands. The defendant when caught like a deer in the head lights, always escapes by transferring the deed to another loan servicing company.

### E. Plaintiff does not fail to State a Claim of Fraud.

Plaintiff has shown that the defendants has practiced fraud through first denying the Plaintiff her right to obtain her loan modification and principal loan reduction, and then lying saying they don't understand because the Defendant (BANA) had rejected it, and the defendant (BANA) insisted that they were not an owner of the Security note, nor never had any knowledge of it. The defendant appeared again in the Shellpoint Mtg. case as an owner of the property to state a claim to foreclosure, but lied to the Plaintiff that they never owned the property prior to their transference of sale to Ocwen Loan Servicing LLC.

F. **Plaintiff does not fail to State a Claim Concerning Loan Modification.**

Plaintiff does not fail to State a Claim being that **(Exhibit A)** shows the premise to the fact that Department of Justice granted the Plaintiff the rights to a three (3) month trial modification and a reduction of principal and through deception the defendant reneged on the promise of the government, that will be proven through subpoena documents and deposition statements.

G. **Plaintiff does not fail to State a Claim for Emotional Distress.**

Plaintiff has shown the Court the injustice that the Plaintiff has been made to endure through their fraudulent and deceptive actions. The Plaintiff has previous won and received a settlement from the Defendant (BANA) in the Loan Modification case that was transferred from the Northern District Court and transferred to MDL Court. The Plaintiff's admitted to fraudulent actions in denying loan modification amongst other illegal infractions. The Plaintiff went through so much stress with these cases, that her physician attributed this to undue stress was the cause of her stroke, and continued on to her death.

H. Plaintiff does not fail to show Entitlement to Injunctive Relief.

The Plaintiff prayer for Relief, has been substantiated by first the fraudulent actions of the defendants has been deemed factual then and

now, by Shellpoint Mtg. LLC, granting the Plaintiff a loan modification on November 02, 2017, and then through fraud, proceeded on to try and sell the property through foreclosure to (BANA) who was and never sold their rights to the other defendants ('Loan Servicing Co.) here within as Defendants. The Plaintiff has also shown the Court pertinent facts to why this case should be allowed to proceed on to trial, and the Court should grant an Order to Stay all foreclosures and evictions associated with this property immediately.

The Plaintiff ask that the Court demand the Defendants to produce all documents as requested of the acceptance and approval of the loan modification by Shellpoint Mtg. LLC, that was given by the defendants on November 02, 2017.

                    Respectfully submitted this 12th day of December, 2018.

                    *[signature]*

                    Debra D. Curry
                    P.O. Box 5015
                    Atlanta, GA 30302
                    Joseph H. Turner
                    Georgia State Bar No.
                    jhtlaw@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2018, I filed the foregoing Motion in Opposition to Motion to Dismiss with the Clerk of Court. The Plaintiff will also deliver by email to the following attorney of record:

LOCKE/ LORD
Terinus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30306

Debra D. Curry
JOSEPH H. TURNER
jhtlaw@comcast.net