IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DEBRA D. CURRY,** *POA and* | : | |
| *as executor of the estate of* | : | |
| **Laketia Curry-Williams,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | 1:17-cv-04450-CAP-AJB |
| v. | : | |
| | : | |
| **OCWEN LOAN SERVICING,** | : | |
| **LLC; BANK OF AMERICA, N.A.;** | : | |
| **SHELLPOINT MTG, LLC;** | : | |
| **ALMA RAYES; and** | : | |
| **RUBLIN LUVLIN, LLC,** | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court on a motion to dismiss filed by Bank of America, N.A. ("BANA"), Rubin Lublin, LLC ("Rubin Lublin"), and Shellpoint Mortgage Servicing ("Shellpoint"),[1] [Doc. 16]; a motion to dismiss filed by Ocwen Loan Servicing, LLC ("Ocwen"), [Doc. 18]; and a motion to quash filed by Debra D. Curry (hereinafter, "Curry," or "Debra Curry," where necessary to avoid confusion),

---

[1] Rubin Lublin and Shellpoint state that they were improperly named as Rublin Luvlin, LLC, and ShellPoint MTG, LLC. [Doc. 16-1 at 2].

[Doc. 21]. The Court has reviewed the motions and is persuaded by Defendants' argument that it should not exercise subject-matter jurisdiction over the case. Accordingly, the undersigned **RECOMMENDS** that the District Judge **GRANT** the first motion to dismiss as to the putative federal claims, [Doc. 16]; **DECLINE** to exercise supplemental jurisdiction over the remaining claims; and **DENY AS MOOT** the second motion to dismiss, [Doc. 18], the motion to quash, [Doc. 21], and the first motion to dismiss so far as it seeks dismissal of state-law claims, [Doc. 16].

## I.     Background

On November 6, 2017, Debra Curry filed an application to proceed *in forma pauperis* ("IFP") with an action she wished to bring pro se with co-plaintiff Laketia Curry against Ocwen and BANA for damages and injunctive relief on claims for wrongful foreclosure or attempted wrongful foreclosure of the property located at 7039 Chimney Ridge Drive, Riverdale, Georgia 30296 (hereinafter, the "Property"). [Doc. 1; Doc. 1-1]. Upon review, the Court found that Debra Curry's application was incomplete, that Laketia Curry had not filed an application, and that the complaint stated that Debra Curry owned a second property in addition to the property at issue. [Doc. 2]. The Court therefore denied the application to proceed IFP and ordered Plaintiffs to pay the Court's filing fee within the following ten days. [*Id.*].

On February 7, 2018, Debra Curry filed a motion for reconsideration of the ruling on the IFP application. [Doc. 3]. She sought reconsideration on the grounds that the Court incorrectly deduced from the complaint that Plaintiffs owned two parcels of real estate, and she also reported that Laketia Curry had died. [*Id*. at 1-2]. In consideration of Debra Curry's pro se status, the Court reconsidered its IFP order but found that Debra Curry had again filed a form application that was almost entirely blank and that her affidavit conflicted with an earlier filing reporting greater income. [Doc. 4 at 2-4]. The Court therefore again denied the application and ordered Curry to pay the filing fee within the following seven days. [*Id*. at 5].

On April 4, 2018, Curry paid the Court's filing fee, (*see* Dkt. Entry, Apr. 4, 2018), and the following day she filed an amended complaint, [Doc. 6]. In the amended complaint, Curry named herself as plaintiff in her capacity as "Executor and POA of Laketia Curry-Williams" and added as defendants "ShellPoint Mtg, LLC"; Alma Rayes; and "Rublin Luvlin, LLC." [*Id*. at 1]. She again asserted claims pertaining to a loan secured by the Property, namely a claim for wrongful foreclosure, (Count I); a claim for "ineffective and improper assignments," (Count II); a claim for "failure to modify, fr[au]d and breach of agreement," (Count III); a claim for "failure to modify using available programs (HAMP, HOPE, etc.)," (Count IV); a claim for

3

improper foreclosure notice, (Count V); and a claim for "intentional emotional distress," (Count VI).  [Doc. 6 at 7-9].

On May 18, 2018, the Court entered an Order directing the estate of Laketia Curry to appear by counsel within the following twenty-one days.  [Doc. 8]. On June 8, 2018, a notice of appearance was filed that stated that attorney Joseph H. Turner was representing "the Plaintiffs, Debra D. Curry and acting as the POA and Executor of Laketia Curry, who is also the deceased Plaintiff" in the action.  [Doc. 9].

On August 14, 2018, BANA, Rubin Lublin, and Shellpoint filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  [Doc. 16].  On September 13, 2018, Curry filed an out-of-time response to the motion to dismiss.[2]  [Doc. 19].  On November 13, 2018, Ocwen filed a motion to dismiss pursuant to Rule 12(b)(6).  [Doc. 20].  On

---

[2]  Not only was the response late, but it also appears that Debra Curry herself manually filed the response.  [Doc. 19].  Pursuant to the local rules of this Court, a party who has appeared by an attorney "may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court."  LR 83.1D(2), NDGa.  Curry has not requested an order of substitution from the Court, nor would the Court enter an order of substitution, since the estate is an artificial entity that may not appear without a lawyer.  [*See* Doc. 8].  Nevertheless, for the purposes of this Report and Recommendation, the Court will consider Curry's response to the motion to dismiss. [Doc. 19].

December 13, 2018, Curry filed a motion to quash combined with an out-of-time response to Ocwen's motion to dismiss.[3] [Doc. 21].

## II. Legal Standards

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure may assert either a factual attack or a facial attack to subject-matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence*, 919 F.2d at 1529. In contrast, in a facial attack the court examines whether the complaint has sufficiently alleged subject matter jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702, 1706 & n.2 (2012). When considering a facial challenge made in a Rule 12(b)(1) motion, the court construes the complaint in the light most favorable to the plaintiff and accepts as

---

[3] This document also appears to have been manually filed by Curry herself in violation of Rule 83.1D(2) of the Local Rules of this Court.

true all well-pleaded facts alleged in the complaint.[4] *McElmurray*, 501 F.3d at 1251 (noting that in a Rule 12(b)(1) facial challenge, a plaintiff has "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised").

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, plaintiffs are required to make factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints must "contain either direct or inferential allegations respecting all the material elements

---

[4] Moreover, regardless of whether a defendant files a motion to dismiss, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).  A complaint also may be dismissed pursuant to Rule 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III.   *Discussion*

Federal subject-matter jurisdiction of the district courts of the United States may be based on federal-question jurisdiction or diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States," and "invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000."  *Arbaugh, id*. Defendants argue that the Court cannot exercise federal-question jurisdiction over the matter because the amended complaint does not contain a colorable federal claim and that the inclusion of Rubin Lublin as a defendant precludes the exercise of diversity-of-citizenship jurisdiction.  [Doc. 16-1 at 10-11, 14-15].

In a case where there are multiple plaintiffs and multiple defendants, a federal court has diversity-of-citizenship subject-matter jurisdiction only if every plaintiff is diverse from every defendant. *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941); *McConico v. The Cochran Firm*, 581 Fed. Appx. 838, 838 (11th Cir. Nov. 4, 2014) (per curiam) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Where plaintiffs assert diversity jurisdiction, they have the burden of proving there is diversity. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). When the issue is whether the trial court has the power to hear the case, no presumptive truthfulness attaches to the plaintiffs' allegations, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quotation marks omitted); *United States ex rel Saldivar v. Fresenius Med. Care Holdings, Inc.*, 157 F. Supp. 3d 1311, 1314 (N.D. Ga. 2015) (Totenberg, J.) (same); *see also Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (further noting that in considering extrinsic evidence such as affidavits, the district court is "not constrained to view them in the light most favorable to the plaintiff") (internal quotation marks omitted).

AO 72A
(Rev.8/82)

Both the complaint and the amended complaint are insufficiently pleaded, as neither expressly asserts a basis for subject-matter jurisdiction, [Docs. 5, 6]. *See* Fed. R. Civ. P. 8(a)(1) (requiring that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction"). Nevertheless, the Court will consider whether the pleadings or evidence otherwise indicates that the Court may exercise diversity-of-citizenship jurisdiction or federal-question jurisdiction over the case.

### A.   Diversity of Citizenship

Rubin Lublin is a limited liability company ("LLC").  To allege the citizenship of an LLC, the plaintiff must identify all of the LLC's members and their citizenships. *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam).  Rubin Lublin's filings with the Georgia Secretary of State designate it a domestic limited liability company with its principal place of business in Peachtree Corners, Georgia.  Rubin Lublin, LLC, *Ga. Sec'y of State, Ga. Corps. Division, available at* https://ecorp.sos.ga.gov/businesssearch/BusinessInformation?businessId=1432218&businessType=Domestic%20Limited%20Liability%20Company (last visited 12/21/18). It therefore appears that Rubin Lublin is a citizen of the state of Georgia.

9

The civil cover sheet Debra Curry filed in this case indicates that all of the putative plaintiffs are citizens of the state of Georgia. [Doc. 1-2 at 1]. The Court consequently finds no basis for concluding that Rubin Lublin and any of the putative plaintiffs are of diverse citizenship. It also bears noting that neither the complaint nor the amended complaint contains any statement of citizenship as to any of the other defendants. [*See* Docs. 5, 6].

For these reasons, the undersigned concludes that the Court cannot exercise subject-matter jurisdiction over this action on the basis of diversity of citizenship.

### B.   *Federal Question*

Curry's response to Defendants' argument that the amended complaint does not assert a colorable federal question and therefore does not establish federal-question jurisdiction is not entirely clear. [Doc. 19 at 7-8]. She appears to contend, however, that such a jurisdictional challenge requires the Court to engage in fact finding implicating the merits of the underlying claim and that it therefore would be improper for the Court to consider the motion under Rule 12(b)(1). [Doc. 19 at 7-8 (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925-26 (11th Cir. 2003))].

The Court does not agree that Defendants' arguments regarding the putative federal claims require the Court to engage in any fact finding. After careful review of

10

both the complaint and the amended complaint, the Court finds that the only allegations even arguably raising federal claims are the modification claims, which allege that Defendants wrongfully failed to modify Laketia Curry's loan on the Property "using available programs (HAMP, HOPE, etc.)." [Doc. 6 at 8].

As the pleading does not further specify the alleged cause or causes of action, the Court presumes that it refers to the Home Affordable Modification Plan ("HAMP") and HOPE for Homeowners Act of 2008, 12 U.S.C. § 1715z-23. HAMP was created by the Department of the United States Treasury as a result of the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. §§ 5201-61, which charges the Secretary of the Treasury "with acting in a manner that 'preserves homeownership and promotes jobs and economic growth.' " *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012) (citing 12 U.S.C. § 5201(2)(B)). HAMP is now codified in the HOPE for Homeowners Act. *See Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 672 at n.2 (5th Cir. 2015) ("HAMP, which stems from the Emergency Economic Stabilization Act and is codified at 12 U.S.C. §§ 5219, 1715z-23, authorizes the Department of the Treasury to incentivize mortgage servicers to modify existing mortgages and avoid default.").

11

There is, however, no private right of action under HAMP. *Molina v. Aurora Loan Servs., LLC*, 635 Fed. Appx. 618, 626 (11th Cir. Dec. 2, 2015); *Bloch v. Wells Fargo Home Mortg.*, 755 F.3d 886, 889 n.3 (11th Cir. 2014); *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012); *Felix v. Fed. Housing Fin. Agency for Fed. Home Loan Mortg. Corp.*, Civ. Action No. 1:12-CV-934-CAP, 2012 WL 13014936, at *2 (N.D. Ga. Sept. 26, 2012) (Pannell, J.). As a consequence, the modification claims, the only claims even arguably raising a federal question, do not state a plausible claim for relief. The undersigned therefore **RECOMMENDS** that the District Judge **DISMISS** the modification claims predicated on alleged violations of HOPE and HAMP pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. *Supplemental Jurisdiction*

To Curry's point, it is at least debatable that the Court could exercise supplemental jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367(a) on grounds that it had subject-matter jurisdiction over the modification claims arising from the alleged HOPE and HAMP violations. If the District Judge adopts the undersigned's recommendation to dismiss the HOPE and HAMP claims, however, the Court will have dismissed all of the claims arguably giving rise to its original jurisdiction of this matter. *See supra* Doc. 6Parts II.A., B.

The Court therefore considers whether it should exercise its discretion to retain supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3) (providing that where a federal court has dismissed all of the federal claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over any remaining state-law claims). In determining whether an exercise of supplemental jurisdiction is appropriate, the Court must consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, the only claims that would remain upon the District Judge's adoption of this R&R are grounded entirely in state law. [*See* Doc. 6 at 7-9 (asserting claims for wrongful foreclosure; "ineffective and improper assignments"; "fr[au]d and breach of agreement"; improper foreclosure notice; and "intentional emotional distress")]. The Supreme Court has directed lower federal courts to avoid "[n]eedless decisions of state law," especially when federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Ingram v. Sch. Bd. of Miami-Dade Cnty.*, 167 Fed. Appx. 107, 108 (11th Cir. Feb. 10, 2006) (explaining that "state courts, not federal courts, should be the final arbiters of state law"); *Eubanks v. Green*, 40 F.3d 1157, 1161-62 (11th Cir. 1994) (quoting *Gibbs*' observation regarding

AO 72A
(Rev.8/8
2)

The Court therefore considers whether it should exercise its discretion to retain supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3) (providing that where a federal court has dismissed all of the federal claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over any remaining state-law claims). In determining whether an exercise of supplemental jurisdiction is appropriate, the Court must consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, the only claims that would remain upon the District Judge's adoption of this R&R are grounded entirely in state law. [*See* Doc. 6 at 7-9 (asserting claims for wrongful foreclosure; "ineffective and improper assignments"; "fr[au]d and breach of agreement"; improper foreclosure notice; and "intentional emotional distress")]. The Supreme Court has directed lower federal courts to avoid "[n]eedless decisions of state law," especially when federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Ingram v. Sch. Bd. of Miami-Dade Cnty.*, 167 Fed. Appx. 107, 108 (11th Cir. Feb. 10, 2006) (explaining that "state courts, not federal courts, should be the final arbiters of state law"); *Eubanks v. Green*, 40 F.3d 1157, 1161-62 (11th Cir. 1994) (quoting *Gibbs*' observation regarding

AO 72A
(Rev.8/82)

avoidance of "needless decisions of state law"); *Bank of Am. v. Harris*, Civ. Action No. 1:17-CV-1201-CAP, 2017 WL 8186601, at *1 (N.D. Ga. Dec. 20, 2017) (Pannell, J.) (dismissing federal claims, declining to exercise supplemental jurisdiction over state-law claims, and dismissing state-law claims without prejudice); *Hardwick v. Fed. Nat'l Mortg. Assoc.*, Civ. Action No. 1:13-CV-1841-CAP, 2013 WL 12111094, at *2 (N.D. Ga. Oct. 9, 2013) (Pannell, J.) (dismissing federal claims and remanding state-law claims).

The Georgia courts are, of course, intimately familiar with the laws of the state. Moreover, Georgia has an important state interest in determining issues that affect Georgia real estate, the issue at the heart of this matter. The case is also in its early stages; indeed, discovery has not yet commenced. It is therefore clear that it is in the interest of judicial economy, fairness to the parties, and comity for this Court to decline the exercise of supplemental jurisdiction.

### III. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT** the first motion to dismiss as to the putative federal claims and **DISMISS** those claims **WITH PREJUDICE**, [Doc. 16]; **DECLINE** to exercise supplemental jurisdiction over the remaining claims and **DISMISS** those claims

**WITHOUT PREJUDICE**; and **DENY AS MOOT** the second motion to dismiss, [Doc. 18], the motion to quash, [Doc. 21], and the first motion to dismiss so far as it seeks dismissal of state-law claims, [Doc. 16].  Debra Curry is **CAUTIONED** that pursuant to Rule 83.1D(2) of the Local Rules of this Court, she is not permitted to submit filings in this case while represented by an attorney; that the undersigned will disregard any further manual filings pursuant to Appendix H of the Local Rules of this Court, LR, NDGa, App. H-2 ¶ 1; and that the District Judge may also disregard any manual filings.

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this the 21st day of December, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)